EMBRY, Justice.
Hugh V. Smith, Jr., appeals from an order of suspension rendered by Panel II of *744 the Disciplinary Board of the Alabama State Bar suspending him from the practice of law for three months. The Board found Smith in violation of Disciplinary Rule 1— 102(AX4) on four charges. That rule proscribes a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, or being guilty of willful misconduct.

Issues

Whether the Board erred in determining that Smith violated Disciplinary Rule 1-102(A)(4).
Whether the Board erred in determining the appropriate discipline to be imposed upon Smith.
Smith was found guilty of four of the nine charges against him. Of the four, three involved the attorney’s final certificates to Mississippi Valley Title Insurance Company which falsely recited “. . . that nothing has been filed of record or come to the attention of the undersigned which would affect adversely the estate or interest in said real estate to the insured; . . . . ” One related to a lot conveyed to Frank Wayne Bailey and Agnes G. Bailey on or about 15 April 1975. Another related to a lot conveyed to Alexander Hooker Caroth-ers and Helen J. Carothers on or about 15 April 1975. The third certificate related to a lot conveyed to Voy J. Nicholson and Martha L. Nicholson on or about 31 July 1975, the purchase of which was financed by Central Bank of Montgomery, Alabama, the insured mortgagee. The other charge involved the execution of warranty deed to Voy J. Nicholson and Martha L. Nicholson on or about 31 July 1975 concerning which the attorney’s final certificate referred to above was made. The warranty deed falsely recited that the premises “. . . are free from all encumbrances. .. . ” At the time the final certificates were made, and the warranty deed executed, each of the premises, the subject of the certificates and the warranty deed, was encumbered by a $600,-000 unsatisfied mortgage of record to Herman Gibson and one for $2,600,000 to Housing Investment Corporation.
Smith contends that Rule 1-102(A)(4) refers to conduct requiring an evil motive or intent but does not cover the mere failure to exercise good judgment or utterance of a misleading statement. He says he had no evil motive, but, to the contrary, genuinely believed his representations to be accurate. He says further, that neither of the certificates nor the warranty were false. He bases this contention on his interpretation of the legal effect of the mortgages: the interests of the purchasers were not impaired because the mortgages were not valid liens.
Presumably, Smith regarded the purchase money mortgage to Herman Gibson ineffective as a lien because the debt was otherwise sufficiently secured and also because he had tendered full payment at the time he purchased the property but Gibson opted instead to take an installment note secured by a mortgage on the property and other assets.
Allegedly Smith regarded HIC’s interest in the lots under its mortgage as having been waived because of a statement made to him by an agent of HIC. Smith had informed the agent that the proceeds of the loan secured by the HIC mortgage were not sufficient to complete the real estate development project and indicated it would probably have to be shut down. Smith was told by the agent to “do whatever is necessary to keep the project going.” Smith contends that by making this statement HIC either waived its interest or is estopped from asserting it under the mortgage regarding the lots in question which were sold to keep the project going.
Smith was the seller of each of the properties concerning which he made the certificates and warranty. This being true, there is no need for further discussion of the facts upon which Smith based his representation to Nicholson that title to the lot sold him was “free from all encumbrances” or certified to each of the purchasers that there was nothing of record which would adversely affect the respective interest of each as an insured in the real estate to be insured.
*745 There is sufficient evidence here to support the Disciplinary Board Panel’s determination that Smith was guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, or was guilty of willful misconduct with respect to each of the incidents in question. Smith did not inform any of the purchasers or the title insurance company of the unsatisfied mortgages of record. He also failed to discuss with them the basis of his legal conclusions that the mortgages were not effective liens. There is no serious contention here that Smith was not fully aware of the two unsatisfied mortgages of record. Smith’s defense that he believed the mortgages were not encumbrances and they would not adversely affect the estates or interests of the insureds under the title insurance policies tests one’s credulity. We are compelled to the conclusion that the Disciplinary Board Panel committed no error in its determination of guilt.
Regarding the appropriateness of the discipline imposed on Smith, we are not inclined to alter it. Although clearly the court possesses inherent powers over admissions and disbarments, Board of Commissioners of the Alabama State Bar v. Baxley, 295 Ala. 100, 324 So.2d 256 (1975), under the facts and circumstances of this case we do not consider discipline imposed by the Disciplinary Board Panel in this case so inappropriate as to justify this court’s altering it by either increasing or decreasing its degree.
For the reasons assigned, the order of suspension rendered by Panel II of the Disciplinary Board of the Alabama State Bar on 27 June 1980 is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, SHORES, BEATTY and ADAMS, JJ., concur.